No. 28,210.

J. L. Tilton, *Appellant*, v. J. O. Ward, Charley Spitsnaugle, Sheriff of Trego County, and A. S. Peacock, Judge of the County Court of Trego County, et al., *Appellees*.

(268 Pac. 813.)

Opinion filed July 7, 1928.

*L. T. Peters*, of Ness City, and *John R. Parsons*, of Wakeeney, for the appellant.

*W. H. Wagner*, of Wakeeney, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action to enjoin the levy of an execution issued out of the county court on a judgment previously rendered in that court, in favor of J. O. Ward and wife, defendants in this action, and against J. L. Tilton, plaintiff herein. After a hearing on the merits the trial court rendered judgment for defendants, and plaintiff has appealed.

The record discloses that in May, 1925, J. O. Ward and wife sued J. L. Tilton and another, in the county court of Trego county (organized under R. S. 20-801 *et seq*.) for the conversion of wheat and damages resulting therefrom in the sum of $113.10. Summons in proper form was duly issued and served on defendants. On the return day defendants appeared in court, without counsel, and

without being sworn made statements to the court concerning the matters alleged in plaintiffs' bill of particulars. They filed no pleading. The court, on consideration of plaintiffs' bill of particulars and the statements of defendants, rendered judgment for plaintiffs, as prayed, which judgment was duly entered on the records of the court. No appeal was taken from this judgment. Nearly two years thereafter an execution was issued on this judgment, and under it a levy was made on property of J. L. Tilton, who then brought this action.

In this action plaintiff alleges that the judgment of the county court was void, but he sets forth no facts justifying such an allegation. The case was one proper to be brought in the county court; it was properly brought by the filing of a bill of particulars and the issuance and service of summons; and on the return day defendants were personally present in court and plaintiffs were represented by counsel. Plaintiff appears to argue that the judgment was void because no witness was sworn who testified. This contention has no merit. A valid default judgment might have been rendered if defendants had not appeared. But they did appear and made statements, and on these, in part, the court rendered judgment for plaintiff. That one may bind himself by statements made in open court, whether made in person or by counsel, is too well settled to require citation of authorities.

Appellant says this action is based on the statute (R. S. 20-301) giving district courts power to correct errors and abuses of inferior courts. Ordinarily it is by appeal to the district court that it corrects errors and abuses of inferior courts. It is only when the inferior court lacks power or jurisdiction of the matter before it that the extraordinary remedies of injunction or prohibition may be invoked.

Frankly, this case had no merit from the start. It is to be regretted that it ever consumed the time and encumbered the records either of the trial court or of this court.

The judgment of the court below is affirmed.